IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KARL WAYNE GREEN,<br><br>    Plaintiff,<br><br>    vs.<br><br>RAY H. HOOD, Secretary of Transportation,<br><br>    Defendant. | Cause No. CV 09-00112-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR DEFAULT JUDGMENT |

Plaintiff Karl Green filed "Motion for Summary Judgment Against Defendant for Failure to Respond to Complaint." (Court Doc. 7). This document is properly considered as a motion for default judgment brought pursuant to Rule 55 of the Federal Rules of Civil Procedure.

In support of his motion Green states, "The complaint was sent certified to Mark Lindsey Chief Council, Ray La Hood Secretary of Transportation and Associate Director Division, on 1/21/2010. Documentation indicates that the Associate Director and Ray H. Hood

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DENY MOTION FOR DEFAULT JUDGMENT—CV-09-00112-BLG-RFC-CSO / PAGE 1

were served on 1/26/2010." (Court Doc. 7, p. 1). Green filed no other documentation with his motion.

Rule 55 of the Federal Rules of Civil Procedure provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Green has not complied with Rule 55 in that he has not filed proof of service even though he states he has the documentation to show the service date.

Also, default is not appropriate because Green does not appear to have properly served Defendant Hood who has been sued in his official capacity as the Secretary of Transportation. See Fed.R.Civ.P. 4(i).

Finally, even if service was properly made and proof of service properly filed, default is not appropriate because Rule 12 of the Federal Rules of Civil Procedure provides that the United States, United States agencies and United States officers and employees have 60 days after service to serve an answer to a complaint, counterclaim, or crossclaim. Fed.R.Civ.P. 12(a)(2) and (3). Green represents his Complaint was

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR DEFAULT JUDGMENT—CV-09-00112-BLG-RFC-CSO / PAGE 2

served on January 21, 2010 and January 26, 2010.  Sixty days have not passed since those dates.

The Clerk of Court is directed to provide Green with a copy of Rules 4, 12 and 55 of the Federal Rules of Civil Procedure.

For the foregoing reasons, the Court issues the following:

## RECOMMENDATION

Green's "Motion for Summary Judgment against Defendant for Failure to Respond to Complaint" (Court Doc. 7) as construed as a Rule 55 Motion for Default should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is

made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of February, 2010.

*/s/ Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge