# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| KARL WAYNE GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>RAY H. HOOD, Secretary of Transportation,<br><br>Defendant. | Cause No. CV 09-00112-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS |

In this employment action, Plaintiff Karl Wayne Green ("Green") alleges that the Federal Railroad Administration ("FRA") breached a settlement contract reached in a prior action.

Now pending are:

(1)  Defendant Ray Hood's Motion to Dismiss (*Court Doc. 20*);

(2)  Green's Motion for Hearing (*Court Doc. 22*);

(3)  Green's Motion for Summary Judgment (*Court Doc. 24*); and

(4)  Green's Motion in Limine (*Court Doc. 25*).

Because the Court finds that it lacks subject matter jurisdiction, it will

recommend Defendant Hood's Motion to Dismiss be granted and all other motions be deemed moot.

## I. <u>BACKGROUND</u>

The parties entered into a settlement agreement in 1998 to resolve an employment complaint that Green filed with the Equal Employment Opportunity Commission (EEOC).  (Court Doc. 21-1: Exhibit A).  The parties submitted a transcript of a May 18, 1998 hearing before an administrative law judge as evidence of that settlement agreement.  In that hearing, EEOC Administrative Judge Dickinson described the terms of the settlement agreement on the record.  It appears that, in accordance with the settlement agreement, the FRA hired Green as a railroad safety inspector in 1998.  (Court Doc. 21-1: Exhibit A; Court Doc. 24-1, p. 1).

In 2006, Green was fired from this position.  (Court Doc. 21-2: Exhibit B, p. 1).  The Merit Systems Protection Board upheld his termination on appeal.  (Court Doc. 21-3:  Exhibit C, pp. 8, 22).

During and after his FRA employment, Green filed four separate EEOC actions against the FRA.  In 2005, he filed an EEOC complaint

alleging age, sex, disability, and reprisal discrimination due to denied employment opportunities.  Also in 2005, Green filed a separate EEOC complaint alleging the FRA breached the 1998 settlement agreement. In 2006, Green filed a complaint alleging that the FRA criticized his work and harassed him, among other claims.  The FRA settled these claims with Green in a written settlement agreement dated December 15, 2006.  (Court Doc. 21-4:  Exhibit D, p. 1).

On April 8, 2009, Green filed a complaint with the DOT, alleging a breach of the 1998 settlement agreement.  Green claimed the FRA did not convert Green to competitive status after three years of employment, which, in his view, was a requirement of the agreement. (Court Doc. 21-5:  Exhibit E, p. 2).  The DOT dismissed the action on the grounds that the 1998 settlement agreement did not require the FRA to convert Green to competitive status.  (Court Doc. 21-6:  Exhibit F, p. 2). In addition, the DOT noted that Green's complaint was untimely since it had not been filed within 30 days of the alleged breach as required by 29 C.F.R. § 1614.504(a).  (Court Doc. 21-6: Exhibit F, pp. 2-3).

## II.  ALLEGATIONS

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS—CV-09-00112-BLG-RFC-CSO/ PAGE 3

Green's Complaint here appears to raise the same issues raised in his 2009 DOT complaint.  Specifically, Green alleges that the FRA breached the 1998 settlement and that the FRA "continues to claim [he has] done dishonest acts and will not stop reprisal against" him.  He also alleges that the FRA has refused to give him competitive government status so he can find another job.  (Court Doc. 2, p. 5).  For relief, Green seeks:  (1) re-employment at the FRA, (2) twenty years of salary and benefits, and (3) issuance of a "gag order" on the FRA. (Court Doc. 2, p. 6).

## III.  DEFENDANT HOOD'S MOTION TO DISMISS

Hood moved to dismiss Green's Complaint on three grounds:  (1) lack of subject matter jurisdiction; (2) failure to comply with the applicable statute of limitations; and (3) failure to state a claim on the merits.

The Court must first address the subject matter jurisdiction argument.  "The requirement that jurisdiction be established as a threshold matter  . . .  is inflexible and without exception, for [j]urisdiction is power to declare the law, and without jurisdiction the

court cannot proceed at all in any cause." Ruhrgas AG v. Marathon Oil

Co., 526 U.S. 574, 577, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760

(1999)(internal quotation marks and citations omitted).

Green may sue the United States only if Congress has waived

sovereign immunity for the lawsuit, and may bring his claim in federal

district court only if Congress has provided for jurisdiction there.

"Federal courts are courts of limited jurisdiction.  They possess only

that power authorized by Constitution and statute." Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128

L.Ed.2d 391 (1994).  A court is presumed to lack jurisdiction unless the

contrary appears affirmatively from the record.  DaimlerChrysler Corp.

v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

The Ninth Circuit has articulated the standard for surviving a

motion to dismiss for lack of jurisdiction as follows:

> When subject matter jurisdiction is challenged under
> Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the
> burden of proving jurisdiction in order to survive the motion.
> A plaintiff suing in a federal court must show in his
> pleading, affirmatively and distinctly, the existence of
> whatever is essential to federal jurisdiction, and, if he does
> not do so, the court, on having the defect called to its

attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by* Hertz Corp. v. Friend, ___ U.S. ___, 130 S.Ct. 1181, ___ L.Ed.2d ___ (2010) (internal citations and internal quotation marks omitted).

   A party can submit materials outside the pleadings to support a Rule 12(b)(1) motion based on subject matter jurisdiction.  In such a case, the party opposing the motion must "'present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'"  Colwell v. Department of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  Thus, the Court may look "beyond the complaint without having to convert the motion to dismiss into a motion for summary judgment." See United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 n. 2 (9th Cir. 2009) (citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).

Defendant Hood bases his subject matter jurisdiction argument on the Tucker Act (28 U.S.C. § 1491) and the Little Tucker Act (28 U.S.C. § 1346).  The Tucker Act vests the Court of Federal Claims with exclusive jurisdiction for contract claims against the United States.  See 28 U.S.C. § 1491(a)(1).[1]  The Little Tucker Act carves out a minor exception, creating concurrent jurisdiction in the district courts for contract claims against the United States not exceeding $10,000.  See 28 U.S.C. § 1346(a)(2); Mallard Automotive Group, Ltd. v. U.S., 343 F.Supp.2d 949 (D.Nev. 2004); Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998).

A settlement agreement is treated as any other contract and is governed by contract law.  United Commercial Ins. Service, Inc. v. Paymaster Corp., 962 F.2d 853 (9th Cir. 1992).  A settlement agreement is a contract within the meaning of the Tucker Act.  Angle v. U.S., 709 F.2d 570, 573 (9th Cir. 1983).

---

[1]The Tucker Act extends to agencies such as the Department of Transportation which operate as a governmental body with appropriated funds.  *See* L'Enfant Plaza Properties, Inc. v. United States, 229 Ct.Cl. 278, 668 F.2d 1211, 1212 (Ct.Cl. 1982).

Here, Green seeks twenty years of salary and benefits (presumably more than $10,000), re-employment to the FRA, and a gag order on the FRA about anything dealing with Green.  (Court Doc. 2, p.6).  Green does not dispute that the amount in controversy exceeds $10,000.00.  Therefore, the Court lacks subject matter jurisdiction.  The Court next must consider whether this case should be dismissed or transferred to the Court of Claims.[2]  28 U.S.C. § 1631.

28 U.S.C. § 1631 states:   "Whenever a civil action is filed in a court . .  and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed. . . ."  In the Ninth Circuit, a case is transferable under this statute when:  "(1) the

---

[2]If the settlement agreement does not provide for money damages in the event of a breach, this Court still would not have subject matter jurisdiction since neither the Tucker Act nor the Little Tucker Act permit a district court to grant equitable or declaratory relief in a contract dispute case.  North Star Alaska v. United States, 9 F.3d 1430, 1432 (9th Cir. 1993); see also Phillips v. U.S., 77 Fed.Cl. 513 (Fed.Cl. 2007)(Court of Federal Claims does not have jurisdiction to enforce the terms of a settlement agreement where the agreement did not create a right to money damages).

transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." Trefo-Mejia v. Holder, 593 F.3d 913 (9th Cir. 2010)(quoting Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1140 (9th Cir. 2008)).

In this case, it would not be in the interest of justice to transfer this case because it would be barred by the regulatory limitations period set forth in 29 C.F.R. § 1614.504(a).[3]  This regulation requires a complainant to notify the EEOC Director of any non-compliance with an EEOC settlement agreement within 30 days of knowledge of noncompliance.  Green was advised of this requirement at the May 18, 1998 hearing in which EEOC Administrative Judge Dickinson stated,

---

[3]Although Defendant Hood argues Green's claims are also barred by the statutory limitations period, there is not sufficient information in the record to make that determination.  Defendant argues Green's claims accrued in 2001 when his three-year probationary period ended and he could have received competitive status.  What is unclear is whether Green could have received that status at any time during the course of his employment with the FRA.  If so, because he was not discharged until 2006, his claims may not have accrued until 2006.  Therefore, it is possible the claims were filed within the statutory six year period of limitations set forth in 28 U.S.C. § 2401(a).

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 9

"[i]f there's any breach of a settlement, Mr. Green, you would have to notify the agency that you believe there was a breach within 30 days of whenever that occurs." (Court Doc. 21-1:  Exhibit A, p. 5).

Whether that 30-day period began to run in 2001 (after the three-year probationary period expired) or in 2006 (when Green was fired), Green's September 4, 2009 filing of his Complaint in this Court would not be timely.  As such, even if the Court of Claims had jurisdiction over this matter, his claims would be barred by the regulatory limitations period set forth in C.F.R. § 1614.504 and it would not be in the interest of justice to transfer the case.

## IV.  OTHER MOTIONS

In light of the Court's finding that it lacks subject matter jurisdiction, the Court will recommend that Green's remaining motions be deemed moot.

With regard to the Motion for Oral Argument, the Court's findings and recommendations in this matter are made as a matter of law. There is no need for oral argument.

In his "Motion of Liminee," Green seeks to bar the Court's

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 10

consideration of a number of documents and cases.  It is moot because these findings and recommendations are not based upon the documents or cases Green seeks to bar.  He does argue that C.F.R. § 1614.504 is not on point but provides no further argument.  C.F.R. § 1614.504(a) provides the regulatory limitations period for allegations of noncompliance with EEOC settlement agreements which as set forth above is relevant to determining the applicable limitations period in this matter.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Green's Motion Requesting Oral Argument (*Court Doc. 22*) is deemed moot.

2.  Green's Motion in Limine (*Court Doc. 25*) is deemed moot.

3.  At all times during the pendency of this action, Green SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 11

include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Defendant Hood's Motion to Dismiss (Court Doc. 20) should be granted and this matter dismissed without prejudice.

2.  Green's "Motion for Summary Judgment against Defendant" (Court Doc. 24) should be deemed moot.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  It is sufficiently clear that this Court does not have subject jurisdiction over Green's claims and no reasonable person could suppose an appeal would have merit.

4.  The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 12

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION AND CONSEQUENCES OF FAILURE TO
OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 13

<u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of December, 2010.


<u>/s/    *Carolyn S. Ostby*</u>
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS–CV-09-00112-BLG-RFC-CSO/ PAGE 14