IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| KARL WAYNE GREEN, | ) | CV-09-112-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| RAY H. HOOD, Secretary of | ) | **U.S. MAGISTRATE JUDGE** |
| Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 14, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations. Magistrate Judge Ostby recommends this Court grant Defendant's Motion to Dismiss.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the December 14, 2010 Findings and Recommendations. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Defendant argues that this Court lacks subject matter jurisdiction because the Tucker Act, 28 U.S.C. § 1491, vests the Court of Federal Claims with exclusive jurisdiction for contract claims against the United States. *See* 28 U.S.C. § 1491(a)(1). The Little Tucker Act, 28 U.S.C. § 1346, carves out a minor exception, creating concurrent jurisdiction in the district courts for contract claims against the United States not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2); *Mallard Automotive Group, Ltd. v. U.S.*, 343 F.Supp.2d 949 (D.Nev. 2004); *Bianchi v. Walker*, 163 F.3d 564 (9th Cir. 1998).

A settlement agreement is treated as any other contract and is governed by contract law. *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853 (9th Cir. 1992). A settlement agreement is a contract within the meaning of the Tucker Act. *Angle v. U.S.*, 709 F.2d 570, 573 (9th Cir. 1983).

Plaintiff seeks twenty years of salary and benefits, which is presumably more than $10,000, re-employment with the Federal Railroad Administration, and a gag order on the Federal Railroad Administration about anything dealing with Plaintiff. Plaintiff does not dispute that the amount in controversy exceeds $10,000. Therefore, this Court lacks subject matter jurisdiction.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Hood's Motion to Dismiss (*doc. 20*) is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

The Clerk of Court is directed to enter Judgment in this matter in favor of the Defendant and close this matter accordingly.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 14th day of January, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE